**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LEONARD C. WAFER, #008851,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-1143-P** |
| | ) | **ECF** |
| **LOWELL THOMPSON, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil rights complaint brought by a pre-trial detainee

pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is presently confined at the Navarro County Justice Center in Corsicana,

Texas.  Defendants are Navarro County District Attorney Lowell Thompson, and his wife, Marie

Wafer.  The Court has not issued process in this case, pending preliminary screening.  On

September 24, 2007, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his

answers thereto on October 16, 2007.

Statement of Case:  In May 2007, Plaintiff filed a complaint seeking to sue the Chief of

Police for the Corsicana Police Department, and two detectives, Paul Jock and Jeff Shacfers for

using his wife as a paid informant contrary to his wishes, and for falsely arresting him and

imprisoning him for aggravated kidnaping in March 2007, shortly after he had asked them to

stop using his wife as an informant.  *See Wafer v. Cox, et al.*, 3:07cv0891-D (N.D. Tex., Dallas

Div.) (Complaint at 3).  Plaintiff alleged that his wife suffered from bipolar disorder and mental illnesses, and that Defendants Jock and Shacfers had taken advantage of her mental state and drug addiction to advance their careers.  (*Id.*).  Plaintiff sought compensatory damages for the time he had spent in jail.  (*Id.*).

In this action, filed on June 26, 2007, Plaintiff seeks to sue Defendant Thompson, the Navarro County District Attorney, for conspiring with his wife to charge him and prosecute him for the aggravated kidnaping and assault charges presently pending against him.  Plaintiff requests compensatory damages.[1]

On September 26, 2007, Plaintiff submitted a letter to the undersigned complaining that his former, appointed counsel -- Ms. Kerri Anderson Donica -- was part of the conspiracy to charge him and convict him in Navarro County District Court of the aggravated kidnaping and assault charges presently pending against him.  (*See* Docket #8).  Attached to Plaintiff's letter are documents which Ms. Donica submitted to the Texas State Bar in response to Plaintiff's disciplinary complaint.  (*Id.*).[2]

<u>Findings and Conclusions</u>:  The Court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall

---

[1]    Plaintiff also requests that the criminal charges be dismissed, and that psychiatric help be provided for his wife.  (Complaint at 3).  The above requests are not cognizable in this civil rights action.

[2]    Since Plaintiff's letter did not contain a case number, the Clerk filed it in this action as well as in No. 3:07cv0891-D.

identify cognizable claims or dismiss the complaint, or any portion of the
complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim
upon which relief may be granted; or (2) seeks monetary relief from a defendant
who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B)

("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court

finds that the complaint is "frivolous."  A complaint is frivolous, if it "lacks an arguable basis

either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32

(1989).

Any claim for monetary damages against District Attorney Thompson for filing the

criminal charge and seeking the grand jury indictment is barred by the doctrine of absolute

immunity.  A district attorney is absolutely immune in a civil rights suit for any action taken

pursuant to his or her role as a prosecutor in preparing for the initiation of judicial proceedings

and in presenting the State's case.  *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S. Ct. 502,

509 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995 (1976); *Esteves v.

Brock*, 106 F.3d 674, 676 (5th Cir. 1997).  Here it undisputed that Thompson's conduct in

connection with the filing of the criminal charges and the return of the grand jury indictments for

aggravated kidnaping and assault was part of his function as a prosecutor.

In addition to Defendant Thompson, Plaintiff seeks to sue his wife, Marie Wafer.

Plaintiff filed the complaint on the form to be used by prisoners in filing civil rights actions

pursuant to 42 U.S.C. § 1983. That section affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir. 1996); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir. 1984).[3]

Defendant Marie Wafer is a private citizen. As such her conduct is not cognizable under § 1983, unless it can be established that she conspired with Defendant Thompson, the prosecutor. Under proper circumstances the existence of a conspiracy between a prosecutor and a private individual may give rise to an actionable claim against the private individual. *See Sparks v. Duval County Ranch Company, Inc.*, 604 F.2d 976 (5th Cir. 1979) (abolishing doctrine of derivative immunity for private persons who conspire with immune state officials); *see also Henzel v. Gerstein*, 608 F.2d 654, 659 (5th Cir. 1979) (citing *Sparks*, but dismissing case because allegations of conspiracy between private individuals and state officials were wholly conclusory and unsupported).

While Plaintiff alleges that Ms. Wafer conspired with Mr. Thompson, he only states conclusions about the existence of a conspiracy, without providing any objective facts in support. Specific facts must be pled when a conspiracy is alleged; mere conclusory allegations will not suffice. *Hale v. Harney,* 786 F.2d 688, 690 (5th Cir. 1986). In pleading these specific facts, the plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella,*

---

[3]      42 U.S.C. § 1983 provides in relevant part as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

810 F.2d 1363, 1369-70 (5th Cir.1987).  In particular, a claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement among the defendants to inflict a wrong or injury upon the plaintiff and an overt act that results in damages.  *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979).

In addition, to recover on a conspiracy claim, the Fifth Circuit has held that there must be an actual deprivation of a constitutional right; a mere conspiracy to deprive is insufficient. *Villanueva v. McInnis,* 723 F.2d 414, 418 (5th Cir. 1984).

In the present case, the complaint fails to allege facts which would permit an inference that Ms. Wafer conspired with Mr. Thompson to deprive Plaintiff of his constitutional  rights. Plaintiff's complaint does not allege facts showing an agreement between Ms. Wafer and Mr. Thompson, nor does it allege that the they ever met or discussed the criminal charges presently pending against him.  *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).  There is a complete absence of any allegation of fact to show that the Defendants had any plan to injure Plaintiff, other than for the fact they were having an affair, that Ms. Wafer was an informant, and that Ms. Wafer provided information to Mr. Thompson in November 2006 (before the events at issue in this case) that Plaintiff was "running a gambling and prostitution ring."  (Answer to Questions 2-3).  "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983."  *Hale*, 786 F.2d at 690 (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).  Nor is mere or sheer speculation sufficient to state a conspiracy claim.  *See Minix v. Blevins*, 2007 WL 1217883, 27 (E.D. Tex., 2007) (dismissing conspiracy claims because the *pro se* plaintiff  did not show "the operative facts of any such conspiracy outside of his own speculation."); *Jelks v. Duer*, 2006 WL

1371048, *1 (S.D. Tex. 2006) (same).

Therefore, Plaintiff's allegations against Ms. Wafer do not allege sufficient facts to support a claim that she acted under color of law. Thus, any claim for violation of his constitutional rights against Ms. Wafer must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

With respect to Plaintiff's contention that Ms. Donica, his former counsel, was also part of the conspiracy to charge him and convict him in Navarro County (*see* Plaintiff's Letter filed Sep. 26, 2007), his claim fares no better. For purposes of this recommendation, the Court construes Plaintiff's letter as a request to amend the complaint to name the former attorney as a defendant. Rule 15(a), of the Federal Rules of Civil Procedure, provides that"[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Since no process has been issued in this case, Plaintiff is entitled to amend his complaint to name Ms. Donica as a defendant.

However, Plaintiff cannot establish that Ms. Donica's alleged inactions and deficient performance occurred under color of state law. It is well established that neither appointed nor retained counsel acts under color of state law in representing a defendant in a criminal case. *See Polk County v. Dodson*, 454 U.S. 312, 324, 102 S. Ct. 445, 453 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).

Although under proper circumstances the existence of a conspiracy between a prosecutor and retained or appointed counsel may give rise to an actionable claim against the attorney, *see*

6

*Tower v. Glover*, 467 U.S. 914, 920, 104 S. Ct. 2820, 2824 (1984), *Wyatt v. Cole*, 994 F.2d 1113, 1118 (5th Cir. 1993), Plaintiff's complaint fails to present a cognizable conspiracy claim. Plaintiff's allegations are wholly conclusory. He merely alleges that attorneys appointed to represent indigent litigants in Navarro County, including Ms. Donica, know that their "job is to get a guilty plea or set you up for a[n] enhanced conviction." (Plaintiff's correspondence filed Sep. 26, 2007, at 1).

Therefore, Plaintiff's allegations against Ms. Donica do not allege sufficient facts to support a claim that she acted under color of law. Thus, any claim for violation of his constitutional rights against Ms. Donica must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous, and for seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2), and 1915(e)(2)(B)(i) and (iii).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 30th day of October, 2007.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district

7

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.